# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50214 | **DATE** | 8/27/2010 |
| **CASE TITLE** | James R. Henson (#1611) vs. Daniel J. Sedlock, Jr., et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court dismisses the complaint without prejudice.

*Philip G. Reinhard*

■ [ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT - OPINION

James R. Hensen, a pretrial detainee at the McHenry County Jail, filed a pro se complaint pursuant to 42 U.S.C. § 1983 and an accompanying motion to proceed in forma pauperis (IFP). Henson utilized the form complaint provided by the clerk's office. Section III of the form complaint requires a plaintiff to list "**ALL lawsuits**" filed in any state or federal court. (Capital letters and bold typeset in original). Additionally, section III states, "**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO- PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**" (Capital letters and bold typeset in original). Lastly, section VI of the form complaint contains a certification immediately above the signature line that provides that "By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court."

Here, plaintiff only identified one other case that he has filed in federal court despite the fact that he has pending in this court case No. 10-50111. He also signed the form complaint certifying that the facts therein, including those related to other court cases, are true and correct to the best of his knowledge, information, and belief.

The Seventh Circuit has held that fraudulent statements by a plaintiff seeking to proceed IFP are a proper basis to dismiss a case with prejudice. See Thomas v. General Motors Acceptance Corp., 288 F. 3d 305 (7th Cir. 2002); Sloan v. Lesza, 181 F. 3d 857 (7th Cir. 1999). While there is no basis to conclude at this point that plaintiff has engaged in any fraud related to the submission of his complaint and his motion to proceed IFP, it is apparent that he failed to completely and accurately inform the court as he was notified to do in the form complaint itself and which he certified via his signature that he in fact had done.

## STATEMENT - OPINION

Although there are no cases in this circuit directly on point, courts elsewhere have dismissed complaints under nearly identical circumstances. See, e.g, Warner v. Dept. of Corrections, 2010 WL 2891038 (N.D. Fla. July 1, 2010); Johnson v. Crawson. 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010); Dunson v. Georgia Dept. of Corr. Health Care Serv., 2009 WL 136060 (S.D. Ga. Jan. 20, 2009); Brown v. Thomas, 2008 WL 5170394 (S.D. Ga. Dec. 8, 2008). The reasoning enumerated in these cases is essentially that Fed. R. Civ. P. 11c and 41(b) contemplate sanctions for filings containing misrepresentations, see Brown, at *1, and that by submitting false information a plaintiff inhibits the efficiency of the court in determining such matters as whether a plaintiff is subject to the three strikes rule of § 1915(g), whether the action is related to or connected with another action, whether a ruling in another action affects the current action, or the extent of a pro se plaintiff's litigation experience and acumen, see Johnson. at * 2.

In this case, plaintiff, by failing to completely and accurately inform the court regarding his other pending federal case, has raised the specter of fraud, inhibited the court in its required function, and has arguably violated the Rules of Civil Procedure regarding false representations in court filings. Thus, the court dismisses this case without prejudice. Plaintiff is given 30 days from the date of this order to file an amended complaint identifying all other lawsuits previously filed in state and federal court as required by section III of the form complaint and being truthful and accurate in all other respects. The failure to file such an amended complaint within 30 days, or the failure to file a complete and accurate amended complaint will result in dismissal of this case with prejudice.