| Order Form (01/2005) | **United States District Court, Northern District of Illinois** | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
| **CASE NUMBER** | 10 C 50214 | **DATE** | 2/24/2011 |
| **CASE TITLE** | James R. Henson (#1611) vs. Daniel J. Sedlock, Jr., et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $13.67 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making deductions and payments in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the McHenry County Jail. However, summonses shall not issue at this time. The plaintiff's motion for appointment of counsel [#4] is granted. Bernard Natale, 6833 Stalter Drive, Suite 201, Rockford, Illinois 61108, (815) 964-4700 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The amended complaint is dismissed without prejudice to appointed counsel filing a second amended complaint within 60 days if the second amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. This case is set for a status/settlement conference before Magistrate Judge P. Michael Mahoney on Wednesday, April 27, 2011, at 1:30 p.m.

*/s/ Philip G. Reinhard*

■ **[For further details see text below.]**

Docketing to mail notices.
Copy to Magistrate Judge Mahoney.

### STATEMENT - OPINION

The plaintiff, a pretrial detainee at the McHenry County Jail currently assigned by writ to the Chester Mental Health Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, have violated the plaintiff's constitutional rights by interfering with his ability to send mail, thereby infringing upon his access to the courts. The plaintiff has submitted an amended complaint as directed. *See* Minute Order of September 13, 2010.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $13.67. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility. **(CONTINUED)**

mjm

| STATEMENT - OPINION (continued) |
|---|

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the amended complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated potentially colorable federal causes of action. The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. *See Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987); *see also Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Prison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts. *See, e.g., Lewis v. Casey*, 518 U.S. 343 (1996).

Due to the serious nature of the plaintiff's allegations and the fact that he is currently confined at a mental health facility, the court hereby appoints Bernard Natale, 6833 Stalter Drive, Suite 201, Rockford, Illinois 61108, (815) 964-4700 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should file a second amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file a second amended complaint, she should so inform the court.

Counsel is cautioned that the amended complaint must be limited to a single claim, defendant, or discreet group of defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit admonished the district court for allowing an inmate to pursue multiple, misjoined claims in a single suit. *George*, 507 F.3d at 607. As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Accordingly, the plaintiff and counsel must choose a single, core claim to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.[1]

---

[1] Plaintiff has filed 5 separate cases against various prison officials between May 2010 and October 2010.